IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SCOTT CERESINI, Warden, and )<br>ATTORNEY GENERAL OF THE STATE )<br>OF DELAWARE, )<br>)<br>Respondents. ) | C.A. No. 23-294 (MN) |

## **MEMORANDUM ORDER**

At Wilmington, this 27th day of April 2023;

In October 2008, a Delaware Superior Court jury convicted Petitioner of first-degree murder, possession of a deadly weapon during the commission of a felony ("PDWDCF"), first degree conspiracy, second degree conspiracy, and tampering with physical evidence. *See Erskine v. Pierce*, 225 F. Supp. 3d 246, 250 (D. Del. 2016). The Superior Court sentenced Petitioner on June 22, 2009 to an aggregate non-suspended term of life, plus five years of imprisonment. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence on June 24, 2010. *See id*.

From May 2011 through August 2014, Petitioner unsuccessfully pursued post-conviction relief in the Delaware state courts. *See Erskine*, 225 F. Supp. 3d at 250-51. In December 2014, Petitioner filed in this Court his first habeas petition challenging his 2009 convictions, eventually presenting a second amended petition in January 2016. (*See* D.I. 1 & 16 in *Erskine v. Pierce*, Civ. A. No. 14-1468-SLR). The second amended petition asserted the following three grounds for relief: (1) the Superior Court violated Petitioner's due process rights by failing to instruct the jury on the lesser-included offense of manslaughter; (2) the State engaged in prosecutorial misconduct

during closing argument; and (3) defense counsel provided ineffective assistance by: (a) providing inadequate advice during plea negotiations; (b) preventing Petitioner from testifying; (c) failing to provide the defense expert witness with transcripts of Petitioner's first police interview; (d) failing to object to the admission of Petitioner's accomplice's police statement pursuant to 11 Del. Code § 3507; (e) failing to request an accomplice credibility jury instruction; and (f) failing to move for a mistrial based on prosecutorial misconduct during closing argument. (*See* D.I. 17 at 5 in *Erskine*, Civ. A. No. 14-1468-SLR). The Honorable Sue L. Robinson dismissed the second amended petition as time-barred on December 22, 2016. *See Erskine*, 225 F. Supp. 3d at 253. The Court of Appeals for the Third Circuit denied Petitioner's application for a certificate of appealability. (*See* D.I. 26 in *Erskine v. Pierce*, Civ. A. No. 14-1468-SLR).

On March 17, 2023, Petitioner filed the § 2254 Petition and Memorandum in Support (hereinafter referred to as "Petition") presently pending before the Court. (D.I. 1; D.I. 3). Petitioner's sole Claim for relief presents the following argument:

> In *Garlick* [*v. Lee*, 1 F.4th 122 (2d Cir. 2021)], the Second Circuit applied *Crawford v. Washington*, 541 U.S. 36 (2004), for the first time in a recorded decision that Petitioner could find, finding a medical examiner's report was testimonial and the testimony of a surrogate medical examiner was, therefore, inadmissible.
>
> \*           \*           \*
>
> Since the autopsy report [in Petitioner's case] opined that one of the causes of [victim Trevor Montcrief's] death was from sharp instruments, in addition to the shotgun blast to the head, the testimony of the surrogate witness, T.M. King Jr., M.D., [an assistant medical examiner from the Maryland Medical Examiner's Office], would have been inadmissible as the Medical Examiner who performed the autopsy was unavailable and had not been cross-examined. Therefore, since a medical examiner was necessary to determine the cause of death which implicated [Petitioner], this error was not harmless as the case law reflects that [Petitioner] was legally innocent.

> Therefore, it is respectfully submitted, given the decision in *Garlick*, it would be a miscarriage of justice not to review this matter and grant a new trial, especially in light of the fact that the jurors in this case were reticent to find [Petitioner] guilty of first-degree murder.

(D.I. 3 at 2-3)

I. **LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). Section 2244(b) permits the certification of a second or successive habeas claim that was not presented in a prior habeas petition only where the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244 (b)(2)(A), (B)(i).

II. **DISCUSSION**

A review of the instant Petition reveals that it is a second or successive habeas application within the meaning of 28 U.S.C. § 2244. First, the Petition challenges the same 2008 convictions (first degree murder, PDWDCF, first degree conspiracy, second degree conspiracy, and tampering with physical evidence) that Petitioner challenged in his first federal habeas proceeding. Second,

3

the dismissal of Petitioner's first habeas petition as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)."); *Thomas v. Pierce*, 2017 WL 359165, at *1 (D. Del. Jan. 23, 2017) (noting that dismissal of first habeas petition as time-barred "constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications").

And third, although Petitioner characterizes the instant confrontation clause argument premised on the Second Circuit decision *Garlick* as "new law" that could not have been presented in his first petition, his argument is unpersuasive. The *Garlick* Court reached its holding "that the admission of the autopsy report at Garlick's trial through a surrogate witness was an unreasonable application of clearly established Supreme Court precedent" only after reviewing the following clearly established Supreme Court precedent regarding the admissibility of testimonial statements under the confrontation clause: *Crawford*, 541 U.S. at 40 (holding that, regardless of its "indicia of reliability," a testimonial tape-recorded police statement is inadmissible without an opportunity to cross-examine the declarant); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) (holding that certificates attesting to the laboratory analysis of a suspected controlled substantial fall "within the core class of testimonial statements" requiring an opportunity for cross-examination); and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011) (reaffirming that forensic reports are testimonial statements that are inadmissible without confrontation even when the reports were prepared by analysts acting as "mere scriveners" of machine-generated results). *Garlick* 1 F.4th at 136. Although *Garlick* was decided in 2021 and, therefore, not available to

form the premise of any argument presented in Petitioner's first petition, the Supreme Court cases upon which the *Garlick* Court relied *were* available when Petitioner filed his first petition. In other words, Petitioner could have crafted and included the instant confrontation clause argument in his first habeas proceeding without *Garlick*.

Petitioner does not assert, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition. In addition, the Court finds that it is not in the interest of justice to transfer this case to the Third Circuit, because the Petition does not come close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).[1] Given these circumstances, the Court will dismiss the Petition for lack of jurisdiction because it constitutes an unauthorized second or successive petition.[2]

### III. CONCLUSION

THEREFORE, based on the foregoing, IT IS HEREBY ORDERED that Petitioner Justin Erskine's unauthorized second or successive Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.I. 1; D.I. 3) is **DISMISSED** for lack of jurisdiction. IT IS FURTHER

---

[1] *Garlick* does not appear to satisfy the exceptions to the successive bar set forth in § 2244(b)(2)(A), (B)(i), because the decision does not constitute newly discovered evidence or a new Supreme Court decision retroactively applicable to cases on collateral review.

[2] Citing *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), Petitioner appears to argue that the Court can review the instant Petition under 28 U.S.C. § 2241 because he did not have an earlier opportunity to challenge his conviction based on the alleged change in the law evidenced in *Garlick*. (D.I. 3 at 7-8). He is mistaken. The underlying "law has remained the same since [Petitioner's] conviction [and]the only thing that has changed has been his understanding of the law. This does not justify his prosecution of a petition under § 2241." *Gross v. Sniezek*, 396 F. App'x 802, at *1 (3d Cir. 2010) (cleaned up). Notably, "a remedy under § 2254 is not inadequate or ineffective simply because the petitioner has already been denied relief, because he has been denied permission to file a second or successive motion, or because he has allowed the statute of limitations to expire." *Keeling v. Lawrence*, 2018 WL 11469649, at *2 (M.D. Pa. Oct. 9, 2018).

ORDERED that the Court declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

                                                    _____
                                                    The Honorable Maryellen Noreika
                                                    United States District Judge